UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **10-24226-CIV-MORENO**

JAKE KIVISTO,

    Plaintiff,

vs.

NATIONAL FOOTBALL LEAGUE PLAYERS
ASSOCIATION,

    Defendant.
_____/

CLOSED CIVIL CASE

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Renewed Motion to Dismiss, or, Alternatively, for Summary Judgment **(D.E. No. 7)**, filed on **December 14, 2010**. Plaintiff, Jake Kivisto, is a Contract Advisor formerly certified by Defendant, the National Football League Players Association ("NFLPA"), pursuant to NFLPA's collective-bargaining agreement with the National Football League ("NFL"). On November 24, 2010, Plaintiff filed this declaratory action under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, challenging the expiration of his NFLPA Agent certification. Plaintiff's certification had expired on October 2, 2009 pursuant to Section 2G of the NFLPA Regulations Governing Contract Advisors ("the Regulations"). § 2G of the Regulations reads as follows:

> The Certification of any Contract Advisor who has failed to negotiate and sign a player to an NFL Player Contract (excluding Practice Squad Contracts) for at least one NFL player during any three-year period shall automatically expire at the end of such three-year period.

Plaintiff claims that this section of the Regulations violates the collective-bargaining agreement and

is thus void.

In his application for NFLPA certification, Plaintiff signed a written contract which stated, in pertinent part, as follows:

> I agree that if I am denied certification or if subsequent to obtaining certification it is revoked or suspended pursuant to the Regulations, the exclusive method for challenging any such action is through the arbitration procedure set forth in the Regulations.

Furthermore, Section 5.1 of the Regulations required that its arbitration procedures "shall be the exclusive method for resolving any and all disputes that may arise from . . . [a]ny . . . activities of a Contract Advisor within the scope of these Regulations . . . ." On November 29, 2009, Plaintiff invoked these provisions and appealed to arbitration the expiration of his certification, asserting the same claims he asserts in this action. After many requests to postpone by Plaintiff, the arbitration hearing was ultimately scheduled for December 7, 2010. The day before the scheduled hearing, however, Plaintiff voluntarily withdrew from arbitration, dismissing his claims with prejudice. Defendant argues that Plaintiff, by voluntarily dismissing with prejudice his claims in arbitration–the same claims he asserts here–has exhausted the one and only remedy available to him pursuant to the written contract he signed when he applied for NFLPA certification. This Court agrees.

The law is clear that one who has agreed to arbitration must exhaust those remedies before he can litigate the same claims in court. *See Jimenez v. Collier Transit Mgmt., Inc.*, 337 Fed. App'x 804, 807 (11th Cir. 2009) ("An employee seeking a remedy for an alleged breach of the collective-bargaining agreement . . . must attempt to exhaust any exclusive grievance and arbitration procedures established by that agreement before he may maintain a suit . . . under § 301(a) of the Labor Management Relations Act.") (internal quotations omitted). "If he does not exhaust those remedies

or does not participate in arbitration where required under the agreement," *Jimenez* continues, "the employee may not pursue relief in the courts." *Id.*

Here, it is clear that Plaintiff entered into a contract containing a valid arbitration agreement; the only question is whether his complaint falls within the scope of that agreement. The Court believes that it does. Even assuming, as Plaintiff argues, that his complaint falls outside the scope of the arbitration agreement, Plaintiff clearly demonstrated his assent to arbitrate his dispute by not only appealing it to arbitration, but remaining in the arbitration forum for over a year. *See Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772, 2783 (2010) ("'[E]vidence' of agreement to arbitrate . . . might include . . . a course of conduct demonstrating assent . . . or . . . an express agreement to do so.") (internal citation omitted). Accordingly, THE COURT having considered Defendant's Renewed Motion to Dismiss **(D.E. No. 7)**, the response and reply thereto, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby

**ADJUDGED** that the motion is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this __ day of January, 2011.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record